JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Melissa Haley

## DEFENDANTS
United States of America & Bryan McFadden

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Philadelphia**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Clearfiield & Kofsky 1617 JFK Blvd-Suite 355
Philadelphia, PA 19103 215-563-6333

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [x] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District (specify)
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1671

Brief description of cause:
near 22nd and Kimball Streets, Phila., PA defendant Bryan McFadden who was operating a USPS vehicle struck Plaintiff, Melissa Haley

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 50,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 12/24/24
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM

Place of Accident, Incident, or Transaction: At or near 22nd + Kimball Streets Phila Pa

**RELATED CASE IF ANY:** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ is / ☑ is not related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A. Federal Question Cases:*

1. Indemnity Contract, Marine Contract, and All Other Contracts
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Wage and Hour Class Action/Collective Action
6. Patent
7. Copyright/Trademark
8. Employment
9. Labor-Management Relations
10. Civil Rights
11. Habeas Corpus
12. Securities Cases
13. Social Security Review Cases
14. Qui Tam Cases
15. Cases Seeking Systemic Relief *see certification below*
16. All Other Federal Question Cases. (Please specify):_____

*B. Diversity Jurisdiction Cases:*

1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury ☑
5. Motor Vehicle Personal Injury ☑
6. Other Personal Injury (Please specify):_____
7. Products Liability
8. All Other Diversity Cases: (Please specify)_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ does / ☑ does not have implications beyond the parties before the court and ☐ does / ☑ does not seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☐ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☑ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELISSA HALEY<br>939 Belmont Avenue-Apt 4<br>Philadelphia, PA 19104<br>    v.<br>BRYAN MCFADDEN<br>6052 Cedar Avenue<br>Philadelphia, PA 19143<br>        And<br>UNITED STATES OF AMERICA<br>615 Chestnut Street-Suite 1250<br>Philadelphia, PA 19103 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

Plaintiff, Melissa Haley, by and through her attorney Adam E. Grutzmacher, Esquire, demands judgment against Defendants, Bryan McFadden, and United States of America, in support thereof, state as follows:

### AVERMENTS OF JURISDICTION

1. Plaintiff, Melissa Haley, is an adult individual who resides at the above-captioned address.

2. Defendant, Bryan McFadden, is an adult individual who resides at the above-captioned address.

3. Defendant, United States of America (hereinafter referred to as USA), is a Federal Authority and/or governmental entity licensed and authorized to conduct and transact business within the Commonwealth of Pennsylvania, with an office for service at the above-captioned address.

4. Plaintiff, brings this civil action claim for money damages against Defendants, USPS and USA, pursuant to the Federal Tort Claims Act 28 U.S.C. §2671 for personal injuries caused by the negligent or wrongful act of omission of employees of the Government while acting within the scope of their office or employment.

5. As described his is an action arising under 28 U.S.C. §1331 entitled "Federal Question."

## GENERAL AVERMENTS

6. Plaintiff, Melissa Haley, incorporates by reference hereto, all of the averments contained in Paragraphs 1 through 5 inclusive, as if set forth at length herein.

7. At all times material hereto, Defendant, John Doe did operate and/or manage and/or control defendant USA's 2001 Gruman FFV, which was involved in this accident.

8. On or about July 26, 2021, at or near S. 22nd and Kimball Streets Philadelphia, Pennsylvania, defendant, Bryan McFadden so carelessly and negligently operated the aforementioned vehicle so as to cause it to collide with Plaintiff, Melissa Haley, a bicyclist, causing plaintiff, to sustain the injuries and other losses hereinafter more fully set forth.

9. The negligence and carelessness of the Defendants, acting as aforesaid, consisted of the following:

    (a) operating the aforementioned vehicle at an excessive rate of speed;

    (b) failing to have proper and adequate control of the aforementioned vehicles so as to avoid accidents;

    (c) failing to warn of the approach of the aforementioned vehicle with due regard for the rights and safety of the Plaintiff;

    (d) failing to keep a proper lookout;

 (e) Failing to yield to a bicyclist;

 (f) failing to stop;

 (g) failing to stay in proper lane of travel;

 (h) failing to use due care under the circumstances;

 (i) Defendant USA, negligently consented and entrusted its vehicle to Bryan McFadden, who they knew or should have known would operate the vehicle in a negligent and careless manner, and had a propensity toward negligence and recklessness;

 (j) in being otherwise careless, reckless and negligent, the particulars of which are presently unknown to plaintiff but which may be learned by discovery procedures provided by the Pennsylvania Rules of Civil Procedure or which may be learned at the trial of this case.

10. The aforesaid accident was due solely to the negligence and carelessness of the Defendants, acting as aforesaid, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

<b><u>COUNT I</u><br><u>PLAINTIFF, MELISSA HALEY v. DEFENDANTS, USA & BRYAN MCFADDEN</u></b>

11. Plaintiff, Melissa Haley, incorporates by reference hereto, all of the averments contained in Paragraphs 1 through 10, inclusive, as if set forth at length herein.

12. As a sole and direct result of the aforesaid negligence of the Defendants, Plaintiff, Melissa Haley, suffered severe, diverse and permanent injuries, including but not limited to: disc injuries, nerve damage, bilateral carpal tunnel syndrome, cervical sprain and strain, thoracic sprain and strain, lumbosacral sprain and strain, musculoskeletal injuries, as well as other injuries

as may be diagnosed by Plaintiff's health care providers, all of which injuries have in the past, and may in the future, cause Plaintiff great pain and suffering.

13. As a further result of this accident, Plaintiff, Melissa Haley, has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

14. As a further result of this accident, Plaintiff, Melissa Haley, has or may hereafter suffer a severe loss of earnings and impairment of earning power and capacity.

15. As a further result of this accident, Melissa Haley, has suffered medically determinable physical and/or mental impairment, which prevents the Plaintiff from performing all or substantially all of the material acts and duties that constituted the Plaintiff's usual and customary activities prior to the accident.

16. As a direct and reasonable result of the aforementioned accident, Plaintiff, Melissa Haley, has or may hereafter incur other financial expenses, which do or may exceed amounts that Plaintiff may otherwise be entitled to recover.

17. As a further result of the aforementioned accident, Plaintiff, Melissa Haley, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

**WHEREFORE,** Plaintiff, Melissa Haley, demands judgment against the Defendants, jointly and/or severally, for compensatory damages commensurate with her losses.

**CLEARFIELD & KOFSKY**

BY: _____
ADAM E. GRUTZMACHER, ESQUIRE
*Attorney for Plaintiff, Melissa Haley*